# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JAMES E. HERMANSON,

    *Petitioner*,

vs.

ISIDRO BACA, *et al.,*

    *Respondents*.

3:17-cv-00721-HDM-VPC

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's application (ECF No. 1) to proceed *in forma pauperis* and for initial review under Rule 4 of the Rules Governing Section 2254 Cases. The Court finds that petitioner is unable to pay the filing fee. The pauper application will be granted, and the Court proceeds to initial review.

Following initial review, the Court finds that appointment of counsel is in the interests of justice given, *inter alia*, the lengthy sentence of 25 years to life and petitioner's allegations, in this action as well as in other state and federal proceedings, of mental health issues. In the latter regard, appointment of federal habeas counsel will assure that petitioner's ability to litigate any procedural or substantive issues pertaining to the alleged mental health issues will not be adversely impacted by any such issues. Such appointment further will facilitate petitioner being able to present prison and other medical records in light of, *inter alia*, state corrections department regulations limiting inmate access to prison medical records.

IT THEREFORE IS ORDERED that petitioner's application (ECF No. 1) to proceed *in forma pauperis* is GRANTED and that petitioner will not be required to pay the filing fee.

1   IT FURTHER IS ORDERED that the Clerk of Court shall file the petition.

2   IT FURTHER IS ORDERED that the Federal Public Defender shall be provisionally appointed as counsel and shall have **thirty (30) days** to undertake direct representation of petitioner or to indicate to the Court the office's inability to represent petitioner in these proceedings. If the Federal Public Defender is unable to represent petitioner, the Court then shall appoint alternate counsel. The counsel appointed will represent the petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates setting the deadline for approximately one hundred twenty (120) days from entry of the formal order of appointment. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).[1]

IT FURTHER IS ORDERED, so that the respondents may be electronically served with any papers filed through counsel, that the Clerk shall add state attorney general Adam P. Laxalt as counsel for respondents and shall make informal electronic service of this order upon respondents by directing a notice of electronic filing to him. Respondents' counsel shall enter a notice of appearance within **twenty-one (21) days** of entry of this order, but no further response shall be required from respondents until further order of the Court.

---

[1] The Court has not conducted a preliminary internal review of the application of the federal limitation period in light of the limited materials currently available to the Court regarding the challenged Lyon County conviction. In the event that any time potentially remains in the federal limitation period, petitioner may move to invoke a "two-step" amendment procedure if the limitation period putatively will expire prior to the time that counsel can complete a full investigation. *See, e.g., Harsh v. Gentry*, No. 2:17-cv-02069-MMD-NJK, ECF No. 15 (D. Nev., Nov. 16, 2017).

1     The Clerk accordingly shall send a copy of this order to the *pro se* petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

    The Clerk additionally shall provide copies of all prior filings herein to both the Attorney General and the Federal Public Defender in a manner consistent with the Clerk's current practice, such as regeneration of notices of electronic filing.

DATED: December 15, 2017.

                                                     _____
                                                     HOWARD D. MCKIBBEN
                                                     United States District Judge