# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JAMES E. HERMANSON,

    *Petitioner*,

vs.

ISIDRO BACA, *et al.,*

    *Respondents*.

3:17-cv-00721-HDM-VPC

ORDER

    This habeas matter under 28 U.S.C. § 2254 comes before the Court on two petitions for a writ of mandamus filed by petitioner in proper person. (See ECF Nos. 6 and 9.)

    In the underlying habeas action, petitioner James Hermanson challenges his Nevada state conviction, pursuant to a guilty plea, of sexual assault of a child under sixteen years of age.

    In the first mandamus petition, Hermanson alleges that the Nevada Department of Corrections (NDOC) failed to give him a proper classification in prison after he allegedly illegally waived a presentence investigation report at his sentencing. He alleges that the allegedly improper classification places his safety at risk and that he has been attacked four times by other inmates as a result. He seeks a writ of mandamus pursuant to Nevada statutory law ordering NDOC to either produce the documents used in his initial classification or halt any further alleged violations of his constitutional rights.

    In the second mandamus petition, Hermanson alleges that he was not given a mental health evaluation after a suicide attempt on March 16, 2013, and instead was released by

1 medical personnel to the custody of Lyons County deputies. He seeks a writ of mandamus
2 pursuant to Nevada statutory law ordering the Renown Medical Center to release a copy of
3 his medical records for the date in question. He alleges that "[i]t has been stated from the
4 start of this case that the medical records were needed to show medical neglect due to
5 petitioner never receiving any form of mental health treatment or evaluation at any time."
6 (ECF No. 9, at 3.)

The two mandamus petitions will be denied without prejudice.

First, following the provisional appointment of counsel, petitioner must communicate with the Court only through counsel.

Second, petitioner cannot pursue federal civil rights or other nonhabeas relief in this habeas action. *E.g., Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016)(*en banc*). A claim alleging that the petitioner's prison classification puts his safety at risk presents a federal civil rights claim rather than a cognizable habeas claim. Nor does a claim seeking production of medical records from a hospital present a cognizable habeas claim. Petitioner may pursue only claims that are cognizable in habeas in this habeas proceeding. If petitioner wishes to pursue nonhabeas claims, he must file such claims in a separate action, not this action.

Third, neither NDOC nor Renown Medical Center are respondents herein, and the hospital clearly would not be an appropriate respondent in a habeas action. The petitioner's warden and the state attorney general properly have been named as respondents herein, and petitioner may not seek relief herein from other persons or entities not so named.

Fourth, the Nevada state statutory provisions relied upon by petitioner do not apply to a federal court proceeding.

The Court therefore will deny the two mandamus petitions without prejudice.[1]

---

[1] With regard to the second mandamus petition, the denial without prejudice will not materially impact the analysis of any statute-of-limitations issues in any other promptly-pursued action. Petitioner filed a civil rights action regarding the March 16, 2003, alleged incident against different parties in No. 3:15-cv-00526-RCJ-VPC. The Court dismissed that action as time-barred on January 4, 2017, and petitioner did not appeal that dismissal. The Court expresses no opinion as to whether and where petitioner can seek the relief sought in the second mandamus petition. He may not do so in this habeas action, however.

1    IT THEREFORE IS ORDERED that petitioner's petitions for a writ of mandamus (ECF
2 Nos. 6 and 9) both are DENIED without prejudice.
3    The Clerk shall SEND the petitioner in proper person an additional copy of this order
4 together with a copy of his two mandamus petitions.
5    DATED: January 18, 2018.

_____
HOWARD D. MCKIBBEN
United States District Judge