# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JAMES E. HERMANSON, | ) |
| Petitioner, | ) |
| | ) 3:17-cv-00721-HDM-VPC |
| v. | ) |
| ISIDRO BACA, et al., | ) **ORDER** |
| Respondents. | ) |

Before the court are petitioner's motions for leave to file (1) Exhibits 52 and 53 under seal (ECF No. 18) and (2) a second amended petition (ECF No. 19).

On January 25, 2018, the court granted petitioner leave to file an amended petition no later than May 25, 2018. On March 15, 2018, petitioner filed a first amended petition along with a motion to file a second amended petition. In his motion, petitioner does not necessarily agree that is the deadline, he has filed a first amended petition out of an abundance of caution and seeks leave to file a second amended petition after newly appointed counsel's review and

investigation is complete.

Petitioner thus seeks to employ a "two-step" procedure whereby he: (a) files an initial counseled amended petition preserving all then-known claims free of possible relation-back issues; and (b) thereafter potentially files a second amended petition after petitioner's newly appointed federal habeas counsel has had a full opportunity to independently investigate all potential claims. The court expressly has authorized such a "two-step" procedure in prior cases, and it does so here. *See, e.g., McMahon v. Neven*, No. 2:14-cv-00076-APG-CWH, ECF No. 29 (D. Nev., May 29, 2014)(approving and explaining the court's rationale in allowing a bifurcated amendment procedure in habeas cases where the limitation period potentially may expire before federal habeas counsel would be able to conduct a complete investigation).

IT IS THEREFORE ORDERED that petitioner's motion (ECF No. 19) for leave to file a second amended petition is GRANTED.

IT IS FURTHER ORDERED that petitioner shall have up to and including July 9, 2018, within which to file a second amended petition and/or seek other appropriate relief. Neither the foregoing deadline nor any extension thereof signifies or will signify any implied finding as to the expiration of the federal limitation period and/or of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely asserting claims, without regard to any deadlines established or extensions granted herein. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained

therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

IT IS FURTHER ORDERED that: (a) respondents shall not be required to respond to the first amended petition at this time, but that (b) respondents shall file a response to the petition, as then amended, either within sixty (60) days of service of a second amended petition, if filed, or instead within sixty (60) days of the final expiration of the time to do so if petitioner does not file a second amended petition; and (c) petitioner may file a reply within thirty (30) days of service. The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, shall be governed instead by the local rules.

IT IS FURTHER ORDERED that petitioner's motion for leave to file Exhibits 52 and 53 under seal (ECF No. 18) is GRANTED. The court finds, in accordance with the requirements of *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), that a compelling need to protect the privacy of petitioner with regard to the sealed exhibits, which comprise his medical and psychological records, outweighs the public interest in open access to court records.

IT IS SO ORDERED.

DATED: This 19th day of March, 2018.

_____
HOWARD D. MCKIBBEN
UNITED STATES DISTRICT JUDGE