# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JAMES E. HERMANSON,

    Petitioner,

    v.

ISIDRO BACA, et al.,

    Respondents.

3:17-cv-00721-HDM-CBC

**ORDER**

    This counseled habeas matter pursuant to 28 U.S.C. § 2254 comes before the court on respondents' motion to dismiss the petition as partially unexhausted and non-cognizable. (ECF No. 31). Petitioner has opposed (ECF No. 37), and respondents have replied (ECF No. 41).

    Petitioner challenges his 2013 state court conviction for sexual assault of a child under the age of 16. (ECF No. 21 at 2). He has filed a second amended petition asserting five grounds for relief. Respondents move to dismiss the petition as mixed because, as conceded by petitioner, Grounds 2, 4 and 5 are unexhausted. Respondents further argue that Ground 3 is not cognizable or, in the alternative, is also unexhausted.

    In Ground 3, petitioner asserts that his federal due process rights were violated because the state court sentenced him without lawful authority to do so. Specifically, he asserts that he was sentenced without a presentence investigation report, which was impermissible under state law. (ECF No. 21 at 20-21). Respondents argue that Ground 3 asserts only a state law violation, which is not a cognizable federal habeas claim.

Petitioner frames Ground 3 as a violation of due process arising from a state law violation. The fact that petitioner has predicated his due process violation on a state law violation does not automatically render the claim a non-cognizable state law claim. While it is true that a violation of state law will not, standing alone, violate due process, it may rise to the level of a due process violation if it renders the petitioner's trial fundamentally unfair. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991). The question of whether the violation in this case rose to the level of a due process violation is not a question that should be resolved on a motion to dismiss. The motion to dismiss Ground 3 as non-cognizable will therefore be denied.

The court agrees with respondents, however, that Ground 3 is unexhausted. Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest state court level of review available. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee upon which she relies and must also state the facts that entitle her to relief on that federal claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement ensures that the state

courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

Petitioner asserts that he raised Ground 3 in a motion to correct illegal sentence. (Pet. Ex. 40).[1] However, although petitioner asserted due process several times in the motion, it was never in relation to his claim that he was improperly sentenced without a PSI. (*Id.* at 7-10). Petitioner argues that it was clear he was asserting a federal due process claim because he invoked his "constitutional rights" in the conclusion of the motion. (*See id.* at 11). But this invocation did not fairly present a due process claim, much less a federal due process claim, and it certainly did not exhaust the specific due process claim in Ground 3. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) ("[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion" and "to 'fairly present' his federal claim to the state courts, [the petitioner has] to alert the state courts to the fact that he was asserting a claim under the United States Constitution.").

Moreover, even if the motion had sufficiently alleged Ground 3, petitioner did not pursue it through all avenues available because he voluntarily dismissed his appeal. (Resp. Ex. 118; Pet. Ex. 45). "Generally, a petitioner satisfies the exhaustion requirement if he

---

[1] The exhibits cited in this order, comprising the relevant state court record, are located at ECF Nos. 14-17, 32-34 and 38. Because some of the exhibits were filed by petitioner and others by respondents, and both start at number 1, the court refers to the exhibits filed by petitioner (ECF Nos. 14-17 & 38) as Pet. Ex. and the exhibits filed by respondents (ECF Nos. 32-34) as Resp. Ex.

3

properly pursues a claim (1) throughout the entire direct appellate process of the state, or (2) throughout one entire judicial postconviction process available in the state. Whether a claim is exhausted through a direct appellate procedure, a postconviction procedure, or both, the claim should be raised at all appellate stages afforded under state law as of right by that procedure." *Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004). Although petitioner later moved to reinstate his appeal, (Resp. Ex. 126), the Nevada Supreme Court declined to allow him to do so. Petitioner has not cited any authority to support a conclusion that pursuing his appeal in this fashion was sufficient to fairly present his claims to the state's highest courts. In fact, presenting a claim to the state's highest court for "the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor . . . does not . . . constitute 'fair presentation.'" *Castille v. Peoples*, 489 U.S. 346, 351 (1989) (internal citations and quotation marks omitted).

Alternatively, petitioner argues that the exhaustion question is "premature" because Ground 3 is pending exhaustion by way of a writ of prohibition and associated motion for reconsideration that have been awaiting decision in state court since early 2018. (Pet. Exs. 46 & 55). Even if petitioner's pending motions will eventually exhaust this claim, which the court does not conclude, the claim remains unexhausted at this time, and the court may not proceed on a mixed petition. Petitioner's argument is therefore not persuasive.

As petitioner has not fairly presented the federal due process claim asserted in Ground 3 to the state courts, Ground 3 is unexhausted.

As to Grounds 2, 4, and 5, petitioner concedes that these grounds are unexhausted but asserts that if he were to return to state court the petition would be dismissed as procedurally barred. He therefore asks the court to find the grounds technically exhausted but procedurally defaulted.

Although unexhausted, a claim may be subject to anticipatory procedural default if "it is clear that the state court would hold the claim procedurally barred." *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002). Petitioner asserts he would face several procedural bars if he were to return to state court. *See, e.g.*, Nev. Rev. Stat. §§ 34.726 & 34.810. However, a procedural default may be excused by a showing of cause and prejudice, or a fundamental miscarriage of justice, *Murray v. Carrier*, 477 U.S. 478, 496 (1986), and Nevada has cause and prejudice and fundamental miscarriage of justice exceptions to its procedural bars, which are substantially the same as the federal standards. If a petitioner has a potentially viable cause-and-prejudice or actual-innocence argument under the substantially similar federal and state standards, then petitioner cannot establish that "it is clear that the state court would hold the claim procedurally barred." For that reason, the courts in this district have generally declined to find a claim subject to anticipatory procedural default unless the petitioner represents that he would be unable to establish cause and prejudice in a return to state court. In such a case, the claim would generally be subject to immediate dismissal as procedurally defaulted, as the petitioner would have conceded that he has no grounds for exception to the procedural default in federal court.

A different situation is presented, however, where the Nevada

state courts do not recognize a potential basis to overcome the procedural default arising from the violation of a state procedural rule that is recognized under federal law. In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court held that the absence or inadequate assistance of counsel in an initial-review collateral proceeding may be relied upon to establish cause excusing the procedural default of a claim of ineffective assistance of trial counsel. *Id.* at 9. The Supreme Court of Nevada does not recognize Martinez cause as cause to overcome a state procedural bar under Nevada state law. *Brown v. McDaniel*, 331 P.3d 867, 875 (Nev. 2014). Thus, a Nevada habeas petitioner who relies upon *Martinez*—and only *Martinez*—as a basis for overcoming a state procedural bar on an unexhausted claim can successfully argue that the state courts would hold the claim procedurally barred but that he nonetheless has a potentially viable cause-and-prejudice argument under federal law that would not be recognized by the state courts when applying the state procedural bars.

Here, petitioner advances only *Martinez* as a basis for excusing the procedural default of his claims. Further, Grounds 2, 4 and 5 are all at least potentially saved under *Martinez* because they are claims of ineffective assistance of trial counsel. As such, the court will grant petitioner's request to consider his unexhausted claims as technically exhausted but procedurally defaulted. Because the question of whether the claims are substantial is intertwined with the merits of the claims, the court defers until the merits determination the cause and prejudice analysis as to these claims.

**Options on a Mixed Petition**

A federal court may not entertain a habeas petition unless the

petitioner has exhausted all available and adequate state court remedies for all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed petition" containing both exhausted and unexhausted claims is subject to dismissal. *Id.*

Because petitioner's petition is mixed, he has three options:

1. File a motion to dismiss seeking partial dismissal of only the unexhausted claims;

2. File a motion to dismiss the entire petition without prejudice in order to return to state court to exhaust the unexhausted claims; and/or

3. File a motion for other appropriate relief, such as a motion for a stay and abeyance asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust the unexhausted claims.

**Conclusion**

In accordance with the foregoing, IT IS THEREFORE ORDERED that respondents' motion to dismiss is GRANTED IN PART and DENIED IN PART as follows:

1. Ground Three states a cognizable claim but is unexhausted;
2. Grounds 2, 4 and 5 are technically exhausted but procedurally defaulted. The court will defer consideration of whether petitioner can establish cause and prejudice pursuant to *Martinez* until the time of the merits disposition. The answer and reply shall address the procedural default of those grounds and petitioner's argument for cause.

IT IS FURTHER ORDERED that within thirty days of the date of this order petitioner will advise the court how he would like to proceed

7

with his mixed petition by electing one of the options set forth above.

IT IS SO ORDERED.

DATED: This 3rd day of June, 2019.

_____
HOWARD D. MCKIBBEN
UNITED STATES DISTRICT JUDGE