**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| JAMES E. HERMANSON, | Case No. 3:17-cv-00721-HDM-CBC |
| Petitioner, | |
| v. | **ORDER** |
| ISIDRO BACA, et al., | |
| Respondents. | |

This counseled habeas matter comes before the court on Petitioner James E. Hermanson's Motion for a Stay and Abeyance (ECF No. 44). Respondents did not respond to this motion and the deadline to do so has expired.

Petitioner challenges his 2013 conviction in state court for sexual assault of a child under the age of 16. (ECF No. 21 at 2). On June 3, 2019, this Court granted in part Respondents' motion to dismiss the Second Amended Petition, concluding that Ground Three was unexhausted. (ECF No. 43). Petitioner now seeks a stay and abeyance so that he may exhaust that claim in state court.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only

1

> appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277. The Court went on to state that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

The Ninth Circuit has held that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*. *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). This court has declined to prescribe the strictest possible standard for issuance of a stay. "[G]ood cause under *Rhines*, at least in this Circuit, should not be so strict a standard as to require a showing of some extreme and unusual event beyond the control of the defendant." *Riner v. Crawford*, 415 F. Supp. 2d 1207, 1210 (D. Nev. 2006). Thus, a petitioner's confusion over whether his petition would be timely filed constitutes good cause for the petitioner to file his unexhausted petition in federal court. *Id.* (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005)). Ineffective assistance of postconviction counsel can also constitute good cause. *Blake v. Baker*, 745 F.3d 977, 982-83 (9th Cir. 2014).

Petitioner argues that good cause exists because he was reasonably confused as to whether Ground Three had been exhausted. Given his multiple attempts to present this claim, or at least a similar claim, to the state court by filing a motion to correct illegal sentence, an appeal of the order denying that motion, and a writ of prohibition, the Court finds that Petitioner has established his reasonable confusion and good cause exists for his failure to exhaust in state court. The Court further finds that the unexhausted grounds are not "plainly meritless," and that Petitioner has not engaged in intentionally dilatory litigation tactics. Accordingly, the Court will grant Petitioner's unopposed motion for a stay and abeyance.

In accordance with the foregoing, Petitioner's unopposed Motion for Stay and Abeyance (ECF No. 44) is GRANTED.

It is further ordered that this action is STAYED pending exhaustion of the unexhausted claim in the second amended petition.

It is further ordered that the grant of a stay is conditioned upon Petitioner litigating his state postconviction petition or other appropriate proceeding in state court and returning to federal court to file a motion to reopen within forty-five (45) days of issuance of the remittitur by the Supreme Court of Nevada at the conclusion of the state court proceedings.

/ / /

/ / /

/ / /

It is further ordered that the clerk shall ADMINISTRATIVELY CLOSE this action, until such time as the court grants a motion to reopen the matter.

        IT IS SO ORDERED.

        DATED: this 8th day of August, 2019.

        _____
        HOWARD D. MCKIBBEN
        UNITED STATES DISTRICT JUDGE