**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**\* \* \***

JAMES E. HERMANSON,

                 Petitioner,

     v.

ISIDRO BACA, et al.,

               Respondents.

Case No. 3:17-cv-00721-HDM-CBC

**ORDER**

On August 8, 2019, the Court administratively closed this action while Petitioner exhausted his unexhausted claims in state court. (ECF No. 45.) Petitioner has completed his state court proceedings and now moves to re-open these federal habeas proceedings. (ECF No. 50.) Respondents did not respond to this motion and the deadline to do so has expired.

**IT IS THEREFORE ORDERED:**

1. Petitioner's motion to reopen this action (ECF No. 50) is GRANTED.

2. As the stay is lifted by this order, the Clerk of Court will reopen this action.

3. Respondents will have 60 days to answer, or otherwise respond to, the amended petition for writ of habeas corpus in this case.

4. Petitioner will have 60 days following service of the answer to file and serve a reply brief. If a dispositive motion is filed, the parties will brief the motion in

accordance with Rules 7-2 and 7-3 of the Local Rules of Practice.

5. Any procedural defenses Respondents raise to the second amended petition must be raised together in a single consolidated motion to dismiss. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents will not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2), they must do so within the single motion to dismiss, not in the answer, and specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, will be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

6. In any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

7. Any additional state court record and related exhibits must be filed in accordance with LR IA 10-3, LR IC 2-2, and LR 3-3 and include a separate index identifying each additional exhibit by number or letter. The index must be

filed in CM/ECF's document upload screen as the base document to receive the base docket number (*e.g.*, ECF No. 10). Each exhibit will then be filed as "attachments" to the base document—the index—to receive a sequenced sub-docket number (*e.g.*, Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth). If the exhibits will span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page. *See* LR IC 2-2(a)(3)(A).

8. Notwithstanding LR IC 2-2(g), paper copies of any electronically filed exhibits—for this case—*need not* be provided to chambers or to the staff attorney, unless later directed by the court.

IT IS SO ORDERED.

DATED: this 10th day of February, 2022.

_____
HOWARD D. MCKIBBEN
UNITED STATES DISTRICT JUDGE